IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TODD QUAVION CARTER,

                        Plaintiff,

    v.                                                    OPINION & ORDER

DR. VICKERY, NURSE KIM CAMBELL,                           15-cv-539-jdp
LT. BREDAMANN, SERGEANT GERRY, and
LT. BUETTNER,

                        Defendants.

Pro se plaintiff Todd Quavion Carter is a patient at the Mendota Mental Health Institute in Madison, Wisconsin. Plaintiff has filed a complaint alleging that while he was in the custody of the Wisconsin Department of Corrections, incarcerated at the Columbia Correctional Institution, prison personnel were deliberately indifferent to his mental health needs and did not adequately treat an overdose he experienced. The court determined that plaintiff qualifies for *in forma pauperis* status, and plaintiff paid the initial partial filing fee that the court set. Dkt. 5.

The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Now that I have considered plaintiff's allegations, I will dismiss his complaint for failure to comply with Federal Rule of Civil Procedure 8. I will allow plaintiff to file an amended complaint that addresses the issues I identify in this order.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint.

Plaintiff states that he is mentally ill. When he was incarcerated at the Columbia Correctional Institution (CCI), plaintiff began hearing voices. He notified defendant Sergeant Gerry, a CCI correctional officer, that he was having suicidal thoughts and that he needed to speak to someone; Sergeant Gerry ignored plaintiff's requests.

Eventually defendant Lieutenant Bredamann, another CCI correctional officer, came to plaintiff's cell. By that point, plaintiff was very depressed and took 43 Thorazine pills in front of him. Lieutenant Bredamann instructed plaintiff to place his hands out to be restrained, and plaintiff complied. Lieutenant Bredamann took plaintiff to see defendant Kim Cambell, a CCI nurse. After taking plaintiff's vitals, nurse Cambell stated, "he's lying he didn't take any pills." Dkt. 1, at 7. At this point, plaintiff began to feel drowsy and his stomach began to hurt.

Plaintiff was taken back to his cell, where unidentified prison personnel stripped plaintiff naked and "degraded and embarrassed" him. *Id.* Plaintiff continued to experience extreme stomach pain and chills. He was forced to lie on his cold cell floor, naked and in pain.

Two hours later, Lieutenant Bredamann returned to plaintiff's cell to escort him to the Health Services Unit. Defendant Dr. Vickery performed an EKG, but instead of sending plaintiff to the hospital, he sent plaintiff back to his cell, even though plaintiff was in pain.

Two hours later, defendant Lieutenant Buettner, a third CCI correctional officer, came to plaintiff's cell to escort him to the hospital. Plaintiff stood up but fell, because of the

overdose, hitting the back of his head. Plaintiff received treatment at the hospital that alleviated his pain.

Plaintiff believes that defendants purposefully mishandled the situation to hurt him.


ANALYSIS

Plaintiff brings an Eighth Amendment deliberate indifference claim for failure to provide adequate medical care, pursuant to 42 U.S.C. § 1983. The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For a defendant to be deliberately indifferent to such a need, he or she must know of the need and disregard it. *Id*. at 834. But "the Eighth Amendment is not a vehicle for bringing claims for medical malpractice." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). A plaintiff must demonstrate more than mere negligence by defendant. *Farmer*, 511 U.S. at 835.

Although plaintiff has adequately alleged that he suffered from a serious medical need—namely, an untreated overdose—his allegations concerning defendants' deliberate indifference leave something to be desired. To state an Eighth Amendment claim against each

3

of the individual defendants, plaintiff must specifically articulate how each defendant knew about his serious medical need and then purposefully ignored or disregarded it. I can assume that the medical staff, nurse Cambell and Dr. Vickery, were aware that plaintiff at least claimed to have overdosed: nurse Cambell believed that plaintiff was lying about taking the pills, and Dr. Vickery had to have had *some* reason to perform an EKG. But plaintiff does not explain how what the medical staff did qualifies as deliberate indifference. Both defendants examined plaintiff, and it is not clear that either defendant had any reason to believe that additional examination or treatment was necessary. Lieutenant Buettner did not do anything to disregard plaintiff's medical condition; his only role was to escort plaintiff to the hospital. The same may be said of Lieutenant Bredamann; he saw plaintiff overdose and promptly took him to receive medical attention. Plaintiff comes closest to stating a claim against Sergeant Gerry: Sergeant Gerry heard plaintiff's requests for help and ignored them. But plaintiff still does not explain what Sergeant Gerry knew about his condition (at that point, plaintiff had not yet overdosed). And plaintiff does not say who was responsible for leaving him in his cell naked and in pain.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). At this point, plaintiff has not stated an Eighth Amendment claim for deliberate indifference. "To demonstrate deliberate indifference, a plaintiff must show that [each] defendant acted with a sufficiently culpable state of mind, something akin to recklessness." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)

(citation and internal quotation marks omitted). Deliberate indifference is more than negligence and more than medical malpractice; it "approaches intentional wrongdoing." *Id.* I will dismiss plaintiff's complaint for failing to satisfy Rule 8's pleading standard. I will allow plaintiff to file an amended complaint that specifically states what each individual defendant knew about his serious medical condition and what each did to deliberately disregard it. Plaintiff must clarify his deliberate indifference allegations to provide fair notice to defendants of the claims he is asserting against them. He must include specific factual allegations that identify what each individual defendant did to rise to the level of deliberate indifference. Plaintiff should tell a story and explain why, exactly, the medical attention that he received was not sufficient.

ORDER

IT IS ORDERED that:

1. Plaintiff Todd Quavion Carter's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until July 18, 2016, to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for failure to state a claim under Rule 8.

Entered June 27, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge